**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 16 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT P. GUEVARA, | No. 19-16373 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-03244-GMS-CDB |
| v. | |
| CORIZON HEALTH, INC., Contract Medical Provider at A.D.O.C; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted April 7, 2020**

Before:     TASHIMA, BYBEE, and WATFORD, Circuit Judges.

Arizona state prisoner Robert P. Guevara appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal under 28 U.S.C.

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

§ 1915A.  *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).  We affirm.

The district court properly dismissed Guevara's action because Guevara failed to allege facts sufficient to show that defendants disregarded an excessive risk to Guevara's serious medical needs.  *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, plaintiff must present factual allegations sufficient to state a plausible claim for relief); *Toguchi v. Chung*, 391 F.3d 1051, 1056-60 (9th Cir. 2004) (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to inmate health; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference); *Roberts v. Spalding*, 783 F.2d 867, 870 (9th Cir. 1986) (a prisoner has no constitutional right to outside medical care to supplement the medical care provided by the prison).

**AFFIRMED.**